HARRIS, Judge,
concurring specially:
Thomas requires concurrence. However, I am still concerned because the law of this state permits an arrest and full body search of one violating a noncriminal city traffic ordinance (Thomas) but does not permit such a search of one violating a noncriminal state traffic regulation. See Cresswell v. State, 564 So.2d 480 (Fla.1990). This disparate treatment for substantially similar conduct appears violative of the equal protection clause of the 14th amendment to the Constitution of the United States, as well as article I, section 2 of the Constitution of the State of Florida. This unequal treatment does not appear to be justified by any reasonable classification. To say that one who violates a noncriminal city ordinance may be subjected to harsher punishment and more intrusive invasion of personal privacy than one who violates a state traffic regulation creates a classification that is both arbitrary and unreasonable.
Because the Thomas issues previously certified to the Florida Supreme Court remain unanswered and because of the equal protection concerns raised herein, I would also certify the issues in this case to the supreme court.